a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NISAR AHMAD HAMIDI #A249-121-529,
Petitioner

CIVIL DOCKET NO. 6:26-CV-00702 SEC P

VERSUS

JUDGE S. MAURICE HICKS, JR.

IMMIGRATION & CUSTOMS ENFORCEMENT,
Respondents

MAGISTRATE JUDGE PEREZ-MONTES

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Nisar Ahmad Hamidi ("Hamidi"), an immigration detainee at the ICE Processing Center in Pine Prairie, Louisiana. Hamidi alleges that he has been in post-removal order detention since December 18, 2024, and there is no likelihood of his removal in the reasonably foreseeable future. ECF No. 1.

A court may order a respondent to file an answer, motion, or other response, in its discretion. *See generally* 28 U.S.C. § 2243; Rule 4 of the Rules Governing § 2254 Cases; *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008); *Maniar v. Warden Pine Prairie Corr. Ctr.*, 6:18-CV-00544, 2018 WL 4869383, at *1 (W.D. La. 2018) (Hanna,

1

M.J.)[1].  And this Court has determined that a 21 day briefing schedule is reasonable and appropriate in similar cases.

Accordingly, to determine whether Hamidi is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and by regular mail on (4) the Warden where Hamidi is detained.

IT IS ORDERED that a Response be filed within **21 days** following the date of service of the Petition on the United States Attorney for the Western District of Louisiana, with summary judgment evidence regarding the lawfulness of his detention.

IT IS FURTHER ORDERED that Petitioner shall have **14 days** to reply.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL  835764, *2 (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F. Supp. 348 (S.D. W.Va. 1997); *see also Taylor v. Gusman*, 20-CV-449, 2020 WL 1848073, at *1 (E.D. La. Apr. 13, 2020) ("District courts are therefore free to apply these rules to habeas petitions brought under 28 U.S.C. § 2241").

SIGNED on Tuesday, May 5, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE